IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY<br>Plaintiff, | § § § § | |
| vs. | § § | 5:16-cv-1214<br>Civil Action Number |
| ALYNA WEST HOTEL MANAGEMENT LLC D/B/A QUALITY INN & SUITES<br>Defendant. | § § § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff, State Automobile Mutual Insurance Company (hereinafter "State Auto") complains of Defendant, Alyna West Hotel Management LLC D/B/A Quality Inn & Suites (hereinafter "Alyna"), and alleges as follows:

## I.
## PARTIES

1. State Auto is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio, and authorized to do business in the State of Texas.

2. Defendant Alyna West Hotel Management LLC D/B/A Quality Inn & Suites is a Texas limited liability corporation located in San Antonio, Bexar County, Texas, and may be served with this suit by serving its Registered Agent, Rakesh Patel, 11226 Ocate, Helotes, Texas 78023-4187.

## II.
## JURISDICTION AND VENUE

3. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

4. There is complete diversity between the parties as required by 28 U.S.C. § 1332(a). Plaintiff is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Defendant is a Texas limited liability company, doing business in San Antonio, Texas.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred within this judicial district and the property that is the subject of this action is situated within this judicial district.

6. The amount in controversy exceeds $75,000.00, excluding interest and costs. Specifically, this case involves damages to a building totaling $183,091.00 in replacement cost value and an insurance policy with limits for building coverage in the amount of $3,610,880.00, subject to the terms, conditions, limitations, and exclusions set forth in the Policy.

## III.
## FACTUAL BACKGROUND

7. State Auto provided insurance policy PBP 2661926 to Alyna with a policy period of June 1, 2015 to June 1, 2016 (hereinafter "the Policy").

8. On or about April 13, 2016, Alyna made a claim to State Auto for damage resulting from a hailstorm at the property located at 9522 Brimhall Road, San Antonio, Texas 78254 (hereinafter "the Property"). The Property was a covered premise under the terms of the Policy.

9. On or about July 5, 2016, State Auto received a letter from Alyna dated July 1, 2016, wherein Alyna invoked the Policy's appraisal clause and named Jason Malone (hereinafter "Malone") as its appraiser.

10. The Policy states the following with respect to appraisal:

**Texas Changes, CP 01 42 03 12:**
Page 1 of 3:
**Appraisal**

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand.  The two appraisers will select an umpire.  If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction.  Each appraiser will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding as to the amount of loss. Each party will:
>    a. Pay its chosen appraiser; and
>    b. Bear the other expenses of the appraisal and umpire equally.
>   If there is an appraisal:
>    a. You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Loss condition; and
>    b. We will still retain our right to deny the claim.

Texas Changes Endorsement, CP 01 42 03 12, Page 1 of 3.

11. On July 11, 2016, State Auto acknowledged Alyna's appraisal demand and appointed Carl Johnson as its appraiser.  Also on July 11, 2016, State Auto issued a Memorandum of Appraisal outlining the items in dispute as follows: (1) the replacement cost of the hail damage sustained to the interior and exterior of the property; (2) the amount of recoverable depreciation that applies to the replacement cost; and (3) the actual cash value of the hail damage sustained.

12. On or about August 8, 2016, State Auto was notified by its appraiser that Jason Malone would no longer be serving as Alyna's appraiser.  That same day, State Auto sent a letter to Alyna requesting that it appoint a new appraiser.  Mickey Jones was then appointed as Alyna's appraiser.

13. To date, the parties have been unable to agree upon an umpire for the appraisal process. On or about October 24, 2016, Mr. Jones, appraiser for Alyna, acknowledged that an umpire would need to be appointed by the Court.  Pursuant to the terms of the Policy, this Court may appoint an umpire if the parties are unable to agree upon the selection of an umpire.

14.     The Parties agree that appraisal is appropriate in this case, but cannot agree upon the selection of an umpire.  State Auto therefore files this declaratory judgment action for purposes of appointing an umpire.  The Policy provides that the costs associated with the umpire should be shared equally between the parties.

## IV.
## CAUSE OF ACTION – SUIT FOR DECLARATORY JUDGMENT

15.     State Auto hereby incorporates by reference the preceding paragraphs.

16.     A real and justifiable controversy has arisen and now exists between State Auto and Alyna for which State Auto desires declaratory relief in the form of an appointment of an umpire.

17.     Pursuant to 28 U.S.C. § 2201, State Auto requests that the Court declare the parties' obligations under the Policy as it relates to the appraisal provisions and the appointment of an umpire.  Specifically, State Auto requests that the Court appoint an umpire for the parties and make a declaration as to the division of the umpire's costs in accordance with the Policy.

18.     State Auto proposes that Jim Filipowicz, owner of Filipowicz & Associates, 302 W. Rhapsody, San Antonio, Texas 78216, (210) 821-1777, be appointed as umpire.  It is our understanding that Mr. Filipowicz is an experienced, local San Antonio contractor.

19.     State Auto requests that the Court make such other and further declarations as may be appropriate.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, State Automobile Mutual Insurance Company, respectfully requests that Defendant, Alyna West Hotel Management LLC D/B/A Quality Inn & Suites, be cited to appear herein, that the Court appoint an umpire to serve

in the appraisal process, and for such other and further relief to which State Auto may show itself justly entitled.

      Respectfully submitted, this 30th day of November, 2016.

                              Respectfully submitted,

                              __/s/ Sterling Elza_____
                              Sterling Elza
                              State Bar No. 24026823
                              Alicia A. Murphy
                              State Bar No. 24095005
                              Brown, Dean, Proctor & Howell, L.L.P.
                              306 West 7th Street, Suite 200
                              Fort Worth, Texas  76102-4905
                              Tel:  817/332-1391
                              Fax:  817/870-2427
                              Email: selza@browndean.com
                                        amurphy@browndean.com

                              **ATTORNEYS FOR PLAINTIFF,**
                              **STATE AUTOMOBILE MUTUAL**
                              **INSURANCE COMPANY**